(Pleito No. 187.—Fallado el 10 de Abril de 1902.)

## BAYRON contra SCHULZE.

RECURSO contra sentencia dictada por la Corte de Distrito de Mayagüez.

1.—ACREEDORES CON DERECHO DE ABSTENCIÓN. Los acreedores que, teniendo derecho de abstenerse de votar en una junta de acreedores, hubiesen usado de él debidamente, no quedan obligados por los convenios que el deudor y sus acreedores celebraren en dicha junta.

2.—CRÉDITOS PREVENTIVAMENTE ANOTADOS POR EMBARGO. Los créditos que, por embargo preventivo, estuvieren anotados en el Registro de la Propiedad, con anterioridad á la celebración de una junta de acreedores y antes de haberse hecho convenio alguno entre el deudor y sus acreedores, gozan de preferencia y, por lo tanto, no están sujetos al convenio celebrado en dicha junta, en cuanto á la parte de los bienes mencionada en el auto de embargo.

SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á diez de Abril de mil novecientos dos, en el recurso de casación por infracción de ley, que ante Nos pende, interpuesto por Don Tomás Bryan, abogado representante de Don Eusebio Bayron, agricultor y vecino de Las Marías, y seguido contra los Sres. Schulze y Cª, comerciantes y vecinos de Mayagüez, en cierto litigio, en que los citados Sres. Schulze y Cª solicitaban el cobro de una cantidad de dinero de dicho Bayron, á causa de un crédito privilegiado, reclamado por dichos Sres. Schulze y Cª, y de no estar éstos obligados á someterse al convenio celebrado en la junta de los acreedores de dicho Bayron.—Primero. Resultando: Que el Tribunal de Distrito de Mayagüez, en veinte y siete de Abril de mil

novecientos uno, dictó sentencia en dicho litigio, declarando con lugar la demanda incidental interpuesta en el mismo, y en su consecuencia, que los Sres. Schulze y Cª no estaban obligados al convenio celebrado por Don Eusebio Bayron, con sus acreedores, en cuanto al crédito que tienen anotado en el Registro de la Propiedad, y estándolo en cuanto no aparezca asegurado por mandamiento inscrito en dicho Registro, sin hacer expresa condenación de costas; y que en dicha sentencia, el Tribunal consignó los siguientes resultandos:—(a) Resultando: Que los Sres. Schulze y Cª produjeron demanda contra el referido Bayron, fundados en que este último solicitó espera de sus acreedores; y en el acto de la junta se abstuvieron aquéllos de votar, por haber obtenido mandamiento de embargo preventivo con anticipación, embargo que se ratificó antes de la junta, anotándose en el Registro de la Propiedad, alegando que la espera que un deudor solicita de sus acreedores, no coarta los derechos de los últimos para el ejercicio de sus acciones contra aquél, mientras no haya convenio obligatorio, que sólo lo será para los concurrentes y para los acreedores que, citados y notificados en forma, no hubierén protestado en tiempo; pero no lo será para los que, teniendo derecho de abstenerse, hubieren usado de él debidamente, como hicieron los Sres. Schulze y Cª, que tenían su crédito anotado preventivamente en el Registro, y terminaron pidiendo que se dictara sentencia declaratoria de que, por el carácter de acreedores privilegiados, no les obliga el convenio celebrado por Don Eusebio Bayron con sus acreedores, por haber usado del derecho de abstención en el acto de la junta; por lo que procedía la imposición de costas al propio Bayron.— (b) Resultando: Que conferido traslado de la demanda á Don Eusebio Bayron, se opuso, á su nombre, el Licenciado Don Tomás Bryan, exponiendo que el demandado, en uso de un derecho, solicitó en veinte y seis de Diciembre de mil ochocientos noventa y ocho, espera de sus acreedores, que fué admitida por el extinguido Juzgado de 1ª Instancia

de esta Ciudad, convocando á una junta para el día cuatro de Febrero de mil ochocientos noventa y nueve, figurando entre los acreedores, los Sres. Schulze y Cª, por la suma de mil novecientos treinta y siete pesos, setenta y cinco centavos, moneda provincial; y al tener conocimiento de la solicitud de espera, los Sres. Schulze y Cª solicitaron posteriormente embargo preventivo contra los bienes de Bayron, habiéndose decretado en treinta de Diciembre del propio año noventa y ocho, embargo que después de practicado, fué anotado preventivamente en el Registro de la Propiedad, el veinte de Enero de mil ochocientos noventa y nueve; haciéndose presente que Don Eusebio Bayron pidió al Juzgado de 1ª Instancia entonces que se suspendieran los procedimientos ejecutivos de Schulze y Cª, á lo que éstos se opusieron, aquietándose luego á dicho auto de suspensión por lo que, firme el acuerdo de Bayron con sus acreedores, solicitó el demandado la aprobación del convenio, y aduciendo como puntos de derecho, que el deudor no comerciante puede pedir espera, solicitar la suspensión de los procedimientos ejecutivos y celebrar convenios que son obligatorios para todos los concurrentes, sobre todo, para los acreedores de una misma clase, y que como el crédito de los Sres. Schulze y Cª no puede reputarse como preferente, en razón á que procede de obligaciones á la orden, el embargo preventivo practicado sobre bienes del Sr. Bayron, se llevó á cabo después de haber éste solicitado espera de sus acreedores; y como contra el auto que se manda llevar á efecto el convenio que el deudor celebre con sus acreedores, no se da recurso alguno, concluyó pidiendo que se dictase sentencia, declarando sin lugar la pretensión de los Sres. Schulze y Cª á quienes se condenasen en las costas.—(c)  Resultando: Que propuesta la prueba, á instancia de los actores, se trajo copia del auto de treinta de Diciembre de mil ochocientos noventa y ocho por el que el Juez de 1ª Instancia decretó á petición de los Sres. Schulze y Cª, embargo contra los bienes de Don Eusebio Bayron, hasta

cubrir en cantidad suficiente mil novecientos treinta y siete pesos, setenta y cinco centavos, reclamados, intereses y costas, que podían calcularse en setecientos pesos; en la diligencia de embargo practicada en treinta y uno de Diciembre del mismo año, por la que el Alguacil, con asistencia del actuario, embargó varios créditos y fincas; del auto de veinte y uno de Enero del siguiente año de mil ochocientos noventa y nueve, que despachó la ejecución del mandamiento expedido; del embargo nuevamente trabado; del mandamiento expedido al Registrador el tres de Enero de mil ochocientos noventa y nueve; de las anotaciones hechas en el Registro el veinte de Enero del mismo año; de la diligencia de citación hecha á los Sres. Schulze y Cª, el primero de Febrero del propio año, convocándoles para la junta que debía celebrarse el cuatro del apuntado mes, y del acta de la junta en la que los Sres. Schulze y Cª, y en su nombre Don Fernando Vázquez como apoderado, se abstuvo de tomar parte en la votación, amparándose en los privilegios de su crédito.—(d) Resultando: Que, á instancia de la parte demandada, se trajo certificación á estos autos, de un escrito de veinte y seis de Diciembre de mil ochocientos noventa y ocho, firmado por el Licenciado Don Tomás Bryan, solicitando espera á nombre de Don Eusebio Bayron, escrito que también suscribió el Procurador Don Tomás Grau; del auto de veinte y ocho de Diciembre siguiente, por el que el Juez acordó la convocación de junta de acreedores, para el cuatro de Febrero del entrante año, ó sea de mil ochocientos noventa y nueve; de la relación de acreedores, con expresión de domicilio; de la parte dispositiva de una sentencia; del auto de Agosto siete de mil novecientos, por el que se desistió de un recurso; de otro auto de Abril doce, de mil ochocientos noventa y nueve, en virtud del cual accedió el Juez á lo solicitado por el deudor, mandando suspender varias ejecuciones contra Don Eusebio Bayron, entre ellas una de los Sres. Schulze y Cª; de una constancia del Secretario que acredita que no se interpuso

recurso alguno contra el auto de doce de Abril de mil ochocientos noventa y nueve, en que se acordó esa suspensión; de un auto de Agosto uno de mil novecientos, por el que los anteriores Jueces mandaron llevar á efecto el convenio celebrado, concediendo la espera al deudor; de un escrito de Don Fernando Vázquez, á nombre de los Sres. Schulze y Cª, solicitando embargo preventivo contra los bienes del deudor; del auto acordándolo, y de la fecha de la nota puesta por el Registrador de la Propiedad al mandamiento librado, y cuya nota aparece ser la de fecha veinte de Enero de mil ochocientos noventa y nueve.—Segundo. Resultando: Que el recurrente, Don Eusebio Bayron, por conducto de su abogado, Don Tomás Bryan, ha interpuesto recurso de casación por infracción de ley ante este Tribunal, autorizado por los números 1, 5 y 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando como infringidos los artículos 1,138 y 1,147 de la ley citada, y los 1,912 y siguientes hasta el 1,920 del Código Civil, por los motivos siguientes:—1º El presente caso no es uno de los en que pueden ser impugnados los convenios sobre quita y espera.—2º Los demandantes Schulze y Cª no se hallan incluídos en el número de los acreedores privilegiados, por haberse inscrito su embargo después de comenzado los procedimientos de espera.—3º La sentencia del Tribunal de Distrito deroga la Ley de Enjuiciamiento Civil, por entenderse en ella que esta esté revocada por el Código Civil, siendo un principio axiomático el que ninguna ley sustantiva puede derogar la adjetiva por inducción.—4º El auto dictado por el mismo Tribunal, en doce de Abril de mil ochociento s noventa y nueve, ha sido desestimado y anulado en la sentencia definitiva dictada por el Tribunal de Distrito, á pesar de que contra dicho auto no se había interpuesto recurso á su debido tiempo.—5º El Tribunal también ha incurrido en un error de hecho, por entender que Don Eusebio Bayron no se hallaba en estado de espera al despacharse y practicarse el embargo.—Tercero. Resul-

tando: Que los recurridos Schulze y C?, estuvieron repre-
sentados en este Tribunal por Don Rafael Palacios Rodríguez,
en el acto de la vista, é impugnaron el recurso.—Visto:
Siendo Ponente Don James H. McLeary, Juez Asociado de
este Tribunal.—Primero. Considerando: Que el presente
caso no cae propiamente dentro de la prohibición contra
impugnación de convenios sobre espera, por el hecho de que
no se pueden considerar los recurridos como partes en tal
convenio, puesto que en él no tuvieron participación.—
Segundo. Considerando: Que no es necesario que parte
alguna sea comprendida entre los acreedores privilegiados
para poder abstenerse de la votación en la junta de los
acreedores de una persona solicitando quita y espera, y de
esta manera evadir la responsabilidad del convenio celebrado
en aquella junta con respecto á dicha solicitud.—Tercero.
Considerando: Que la Ley de Enjuiciamiento Civil y el
Código Civil deben interpretarse juntos, y reconciliarse este
último con aquélla en los casos en que sea posible hacerlo,
y que, por tanto, el Tribunal sentenciador ha debidamente
interpretado la ley en el presente caso.—Cuarto. Conside-
rando: Que el auto dictado en doce de Abril de mil
ochocientos noventa y nueve, era solamente una orden de
suspensión y de carácter temporal, y que propiamente podía
ser desestimado ó anulado por la sentencia definitiva dictada
en este pleito, y contra la cual se ha interpuesto este
recurso.—Quinto. Considerando: Que el Tribunal senten-
ciador no opinó que Don Eusebio Bayron no se hallaba en
estado de espera al despacharse el mandamiento de embargo,
y que tal concepto no era necesario para la decisión proce-
dente en este caso.—Sexto. Considerando: Que habiéndose
abstenido los recurridos, Schulze y C?, de tomar parte en la
junta de acreedores celebrada á instancia de Don Eusebio
Bayron, con la mira de obtener quita y espera, aunque
dieron su consentimiento al auto por el que se ordenó la
suspensión de los procedimientos ejecutivos seguidos por
ellos contra el referido deudor, el convenio celebrado por

dicho Bayron con sus acreedores no es obligatario para Schulze
y C.ª, según los artículos 1,917, 1,922, 1,923 y 1,924 del Código
Civil, y ellos tienen el derecho de abstenerse del convenio que
el deudor y sus acreedores hicieran sobre quita y espera, ha-
biendo anotado en el Registro de la Propiedad el embargo
preventivo que fué despachado con anterioridad á la celebra-
ción de la referida junta de acreedores y antes de haberse
hecho convenio alguno entre el deudor y sus acreedores; y
que esta decisión del Tribunal sentenciador estaba estricta-
mente de acuerdo con la doctrina sustentada por este Tribu-
nal, en diez de Septiembre de mil novecientos, en el recurso
de Martínez y C.ª—Séptimo. Considerando: Que los recu-
rridos, Schulze y C.ª, no han anotado su crédito sobre todas
las fincas del deudor Don Eusebio Bayron, y que por este mo-
tivo la preferencia que les otorga la ley con respecto á otros
acreedores de la misma clase, no se extiende sobre otros bienes
que los mencionados en el citado auto de embargo.—Octavo.
Considerando: Que el Tribunal de Distrito de Mayagüez no
ha incurrido en ningún error en este pleito, y que su sentencia
en el mismo, es sustancialmente justa en vista de los artículos
del Código Civil y de la Ley de Enjuiciamiento Civil citados
en dicha sentencia.—Fallamos: Que debemos declarar y de-
claramos no haber lugar al recurso de casación por infracción
de ley y de doctrina legal, interpuesto contra la sentencia an-
tes citada, por Don Eusebio Bayron, al que condenamos en
las costas; y, con devolución de los autos, comuníquese esta
resolución al Tribunal sentenciador, para su cumplimiento.
—Así por esta nuestra sentencia, que se publicará en la
*Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José M.ª Figue-
ras.—Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia,
por Don James H. MacLeary, Juez Asociado del Tribunal
Supremo, celebrando audiencia pública dicho Tribunal, en
el día diez de Abril de mil novecientos dos, de que como
Secretario certifico.—Antonio F. Castro, *Secretario*.